Curran, Dennis J., J.
Commerce Insurance Company has filed a motion for summary judgment asking this court to determine who drove the car in which Mark F. Frattaroli died on September 27, 2008.[1]
BACKGROUND
The parties’ consolidated statement of undisputed material facts details the following events.
On September 27, 2008, there was a single car crash on Old Ayer Road in Groton, Massachusetts. The vehicle involved was owned by Anna Frattaroli and insured by Commerce. As a result of the accident, two promising Lawrence Academy students were injured: Zachary Phillips seriously, and Mark Frattaroli, gravely. Mr. Phillips was later charged with, among other things, motorvehicle homicide, speeding and failure to stay in marked lanes.
Phillips was tried over several days in the Lowell Juvenile Court in January 2011. At that trial, none of the EMTs who responded were able to identify either Mr. Phillips or Mark Frattaroli at the scene, due to rain and the splattering of blood throughout the car. Timothy Cunningham testified that when he arrived on the scene, he found the driver hanging upside down by his seat belt in the overturned car. He then took the passenger out from the back seat; he was unsure if that passenger had been wearing a seat belt. He was unable to identify who had been driving the car.
Nashoba Valley Hospital and UMass Memorial Medical Center records both identified Mr. Phillips as a passenger. Groton firefighter Michael Culley originally identified Mark Frattaroli as the driver, but later changed his report after speaking with other EMTs who responded to the accident. Groton firefighter Susan Daly assisted the driver, but indicated in her report that she assisted the passenger; she later corrected her report to reflect that she assisted the driver. Ms. Daly was present when his driver’s license was checked by EMTs: the driver’s license bore the name “Zachary Phillips.”
Tony Hawgood identified Mr. Phillips as the driver. Groton firefighter Steven Morlock testified that he observed the driver’s foot trapped behind the car’s dashboard. The autopsy of Mark Frattaroli indicates he suffered substantial injuries to his leg and foot; Mr. Phillips sustained no comparable injuries. The driver’s side of the car was severely damaged in the accident. Mr. Phillips suffered superficial lacerations to his head, a traumatic brain injury, and an abrasion on the right side of his neck consistent with a seat belt injury. Mark Frattaroli’s injuries were, sadly, more extensive and graver.
DNA testing on blood found on the ceiling above the driver’s head, on the driver’s side airbag, and on the driver’s seat belt matched Mr. Phillips, and not of Mark Frattaroli. DNA samples taken from sneakers recovered from the driver’s side indicated a mixture of DNA from more than one source; the major profile matched Mr. Phillips and was inconclusive as to Mark Frattaroli.
Mr. Phillips has no memory of the accident, but has testified that he recalls Mark Frattaroli asking him if he wanted to go for a ride. He remembers entering the car’s passenger side, with Mark driving. He has testified to isolated flashes of memory during the ride itself, but he recalls nothing about who was driving at the time of accident.
On February 6, 2011, Mr. Phillips entered a plea to sufficient facts for a finding of delinquency on the charges, and to a charge of operating to endanger. During a plea colloquy on those charges, Mr. Phillips stated that he had no recollection of the accident, but that “everything indicates that yes, [he] did it. There’s no doubt about that.” A juvenile court judge accepted Mr. Phillips’ plea and continued the matter without a finding, placed him on probation, suspended his driver’s license, and imposed additional conditions.
DISCUSSION
A. Standard
Summary judgment shall be granted forthwith where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Barrows v. WarehamFire Dist., 82 Mass.App.Ct. 623, 625 (2012), citing Cassesso v. Commissioner of Correction, 390 Mass. 419, 423 (1983). In assessing the record on a motion for summary judgment, all reasonable inferences are drawn in favor of the nonmoving party. Terra Nova v. Fray-Witzer, 449 Mass. 406, 411 (2007).
B. Estoppel
Commerce and Mark Frattaroli’s father argue that Mr. Phillips should be judicially estopped from stating *489 that he was not the driver, since he admitted to the fact that he was the driver in the Lowell Juvenile Court action. At the outset, this Court emphasizes that Metro. Prop. & Cas. Ins. Co. v. Morrison, 460 Mass. 352, 364 (2011) (upon which these parties rely), does not address the issue of judicial estoppel, but instead stands for the proposition that a guilty plea in a previous criminal action does not support application of issue preclusion in a later civil action. Id.
The parties have not directed this Court’s attention to a Massachusetts case addressing the application of judicial estoppel in these circumstances and this Court can ñnd no such case. However, applying Massachusetts law, the First Circuit Court of Appeals has concluded that a party to a civil proceeding cannot be judicially estopped from advancing a position inconsistent with a guilty plea in a previous criminal proceeding. Thore v. Howe, 466 F.3d 173, 183-84 (1st Cir. 2006).
The First Circuit reasoned that a guilty plea “does not necessarily establish absolute historic facts; what is stated in a plea arrangement is an agreed-upon version of the facts that, while it avoids misrepresentation, is sufficient to support the entry of the plea. It is not uncommon for the statement of those facts to be shaped by bargainingbetween the parties.” Id. Moreover “... [a]ll facts recited during the plea colloquy are not necessarily ‘accepted’ by a judge,” as required for application of judicial estoppel. Id. at 184. Instead, “the failure of the defendant to acknowledge all of the elements of the factual basis [for the charge to which he pleads guilty] shall not preclude a judge from accepting a guilty plea.” Id., quoting Mass.R.Crim.P. 12(c)(5)(A). Thus, it is possible for a court in a criminal proceeding to accept a plea of guilty without the defendant adopting the position that all elements of the crime charged were established in the criminal action; in such a situation, it would not be inconsistent for that defendant to later dispute those facts in a subsequent civil action.
For these reasons, a guilty plea does not necessarily result injudicial acceptance of all facts admitted to in the colloquy, and accordingly, does not support the application of the doctrine of judicial estoppel in later civil proceedings.
C. Dispute of Material Fact
After reviewing the parties’ submissions, this Court concludes that it is possible a jury could find that Mr. Phillips was not the driver. The testimony of the EMTs as to who was the driver and who was the passenger is inconsistent. The hospital records identify Mr. Phillips as the passenger, and his injuries might be seen as inconsistent with sitting in the driver’s seat. He suffered a seat belt injury to the right side of his neck; had he been the driver, it is arguably more likely it would have appeared on his left side. In addition, given the extensive damage to the driver’s side of the car and the nature of the injuries to Mr. Phillips, a reasonable jury might conclude that he might not have been in the driver’s seat during the accident.
However, there is also significant evidence that Mr. Phillips was the driver. His DNA is at least a closer match to DNA found on the driver’s side. If the jury decides to accept the testimony of the responding EMTs, the weight of that testimony suggests that Mr. Phillips was the driver. Significantly, but not critically, Mr. Phillips admitted to facts suggesting that he was the driver in the Lowell Juvenile Court action.
Mr. Phillips has testified that he was not the driver at the time of the accident. It is for a jury to determine whether to accept or reject such testimony, and that of other witnesses. See Commonwealth v. Olsen, 452 Mass. 284, 294 (2008).[2]
These factual disputes are best resolved by the conscience of the community. See generally Commonwealth v. Raymond, 424 Mass. 382 (1997), and Snyder v. Commonwealth, 291 U.S. 97, 105 (1934).
SUMMARY
The loss of a child breaks the heart of a mother and father, forever. As once compellingly stated:

When life seemed to be just begun, and when the years seemed so bright before [him]—-then, by a strange and terriblefate, death came to [him]. And when my heart’s dearest died, the light went from my life forever.

[3]

No words can express the pain felt by such a tragedy— nor shall one try.
ORDER
For these reasons, Commerce’s motion for summary judgment is DENIED.

Such a decision triggers which insurance policy applies.

Without expressing a view as to the credibility of Mr. Phillips’ testimony, or that of any other witness, this Court only adds that Mr. Phillips’ statements concerning his memory appear to be consistent with the symptoms of mild traumatic brain injury and its effect on memory, specifically, of events immediately before or after the injury. See Centre for Neuro Skills, Brain Injury Overview, available at http//www.neuroskills.com/brain-injury/brain-injury-ove rview.php (last visited Oct. 7, 2013).

Miller, Nathan (1992). Theodore Roosevelt—A Life, page 158, New York, Quill/William Morrow.