MAINE SUPREME JUDICIAL COURT                                        Reporter of Decisions
Decision:       2015 ME 155
Docket:         Cum-14-492
Argued:         September 18, 2015
Decided:        December 1, 2015

Panel:          ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

v.

ESTATE OF ERIC E. BENSON et al.

MEAD, J.

[¶1]   The Estate of Eric E. Benson appeals from a summary judgment entered by the Superior Court (Cumberland County, *Warren, J.*) in favor of Metropolitan Property and Casualty Insurance Company on Metropolitan's complaint seeking a declaratory judgment. On appeal, the Estate contends that the Superior Court erred in concluding that an intentional loss exclusion in a homeowner's insurance policy precluded coverage for William Googins's intentional assault of Eric Benson, which resulted in Benson's death. We affirm the judgment.

## I. BACKGROUND

[¶2]   On May 23, 2010, in Monument Square in Portland, a verbal altercation arose between William Googins and Eric Benson after Googins made a comment about Benson's female companion. Googins then struck Benson in the

2

face. Benson fell backwards as a result of the single punch, hit his head on the pavement, and died. Googins pleaded guilty to aggravated assault and served approximately two years of a ten-year prison sentence.

[¶3] The Estate sued Googins in tort based upon the 2010 incident. In exchange for the Estate's promise that it would not seek to execute a judgment against Googins personally, Googins admitted that his negligence caused Benson's death. Googins consented to a judgment in favor of the Estate in the amount of $400,000 and assigned to the Estate all the rights he may have had against Metropolitan. Metropolitan's potential liability stemmed from a homeowner's policy it issued to Googins's grandmother that was active at the time of the May 2010 incident.[1] On September 23, 2013, the Superior Court entered a judgment against Googins in the amount of $400,000 pursuant to the agreement between Googins and the Estate. Based on this judgment, the Estate filed a reach-and-apply action against Metropolitan.

[¶4] On March 5, 2013, Metropolitan filed a complaint for declaratory judgment seeking a determination as to its obligation to indemnify Googins. On June 11, 2014, Metropolitan moved for summary judgment on the ground that even if Googins was insured under his grandmother's policy, which it did not concede,

---

[1] Although Googins is not a named insured on his grandmother's policy, the Estate contends that he falls within the definition of "insured" under the policy because he resided with his grandmother.

the claim was nonetheless precluded by an intentional loss exclusion because Googins intentionally punched Benson in the face.[2] The Estate then filed what the Superior Court treated as a cross-motion for summary judgment. On November 3, 2014, the court granted Metropolitan's motion for summary judgment, declaring that it had no contractual obligation to indemnify Googins because the homeowner's policy's intentional loss exclusion barred coverage.

[¶5] Metropolitan's homeowner's policy provides coverage for "all sums for bodily injury and property damage to others for which the law holds you responsible because of an occurrence to which this coverage applies."[3] The policy defines "occurrence" as "an accident," and "you" and "your" to mean:

1. the person or persons named in the Declarations and if a resident of the same household:
   A. the spouse of such person or persons;
   B. the relatives of either; or
   C. any other person under the age of twenty-one in the care of any of the above . . . .

This broad coverage is limited by an exclusion for bodily injury or property damage resulting from an "intentional loss," which we discuss *infra*.

---

[2]  Metropolitan offered alternative theories in its motion for summary judgment, but the Superior Court based its decision on only the intentional loss exclusion, and Metropolitan argues only that issue. The other issues are deemed waived as a result of Metropolitan's failure to address them. *See Holland v. Sebunya*, 2000 ME 160, ¶ 9 n.6, 759 A.2d 205 ("The failure to mention an issue in the brief or at argument is construed as either an abandonment or a failure to preserve that issue.").

[3]  This decision omits the boldface type that Metropolitan employs for certain words and phrases in its policy.

4

## II. DISCUSSION

[¶6] The Estate argues that the court erred by entering a summary judgment in favor of Metropolitan after determining that Googins's conduct was within the scope of the intentional loss exclusion.

[¶7] "We review the grant of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the summary judgment has been granted in order to determine if there is a genuine issue of material fact." *Brady v. Cumberland Cty.*, 2015 ME 143, ¶ 10, --- A.3d --- (quotation marks omitted). "A fact is material if it has the potential to affect the outcome of the suit, and a genuine issue of material fact exists when a fact-finder must choose between competing versions of the truth." *Angell v. Hallee*, 2014 ME 72, ¶ 17, 92 A.3d 1154 (quotation marks omitted).

[¶8] The interpretation of an insurance policy is reviewed de novo. *Cox v. Commonwealth Land Title Ins. Co.*, 2013 ME 8, ¶ 8, 59 A.3d 1280. An insurance contract is ambiguous if it is "reasonably susceptible of different interpretations." *Apgar v. Commercial Union Ins. Co.*, 683 A.2d 497, 498 (Me. 1996) (quotation marks omitted). If there is an ambiguity, "a liability insurance policy must be construed so as to resolve all ambiguities in favor of coverage." *Mass. Bay Ins. Co. v. Ferraiolo Constr. Co.*, 584 A.2d 608, 609 (Me. 1990). On the other hand, "[u]nambiguous language in an insurance contract must be interpreted according to

its plain and commonly accepted meaning." *Cookson v. Liberty Mut. Fire Ins. Co.*, 2012 ME 7, ¶ 8, 34 A.3d 1156 (quotation marks omitted).

[¶9]   According to the terms of the homeowner's policy, for Googins's actions to fall within the scope of coverage (1) he must have been a resident of the same household as his grandmother, the policyholder; (2) the injury must have arisen from an "occurrence"; and (3) the injury sustained by Benson cannot be the result of an "intentional loss."  Googins must satisfy all three elements before his actions may be considered within the terms of the policy, and Metropolitan can appropriately deny coverage if any element is not satisfied.

[¶10]   In its motion, Metropolitan argued that even if Googins is an insured—that is, assuming he is a resident of the insured's household and the injury arose from an "occurrence"—his actions are nonetheless excluded from coverage because of the intentional loss exclusion.  Because Metropolitan assumes *arguendo* that Googins was a resident of his grandmother's household and that the injury arose out of an "occurrence," we do not address these predicates for coverage.  Metropolitan's intentional loss exclusion provides:

> 1.     Intentional Loss.  We do not cover bodily injury or property damage which is reasonably expected or intended by you or which is the result of your intentional and criminal acts or omissions.  This exclusion is applicable even if:
>
>> A. you lack the mental capacity to govern your conduct;

6

B. such bodily injury or property damage is of a different kind or degree than reasonably expected or intended by you; or
C. such bodily injury or property damage is sustained by a different person than expected or intended by you.

[¶11]  The disjunctive policy language in the first sentence makes clear that the intentional loss provision in Metropolitan's homeowner's policy includes two different exclusions.  The first exclusion is for "bodily injury or property damage which is reasonably expected or intended by you."  The second exclusion is for "bodily injury or property damage . . . which is the result of your intentional and criminal acts or omissions."

[¶12]  We have previously addressed insurance provisions similar to the first exclusion.  In *Patrons-Oxford Mutual Insurance Co. v. Dodge,* we interpreted a policy that excluded coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the Insured." 426 A.2d 888, 889 (Me. 1981).  Similarly, in *Royal Insurance Co. v. Pinette,* we interpreted a policy that excluded "bodily injury or property damage . . . which is expected or intended by the insured."  2000 ME 155, ¶ 2 n.2, 756 A.2d 520 (alterations in original).  After reviewing these provisions, among others, we held that an expected or intended exclusion "applies only when the insured has acted with the intention or expectation that another will be harmed by the insured's intentional act." *Pinette,* 2000 ME 155, ¶ 8, 756 A.2d 520.

[¶13]  The Superior Court denied summary judgment to Metropolitan after concluding that *Dodge* and *Pinette* controlled the interpretation of the first exclusion because the provisions at issue in those cases, and the first exclusion here, all rely on the phrase "expected or intended."  However, unlike the provisions in *Dodge* and *Pinette*, the Metropolitan policy also provides additional language in subparts A, B, and C that may affect the applicability of *Dodge* and *Pinette*. Because Metropolitan has not filed a cross-appeal on the denial of its motion for summary judgment on the basis of the first exclusion, we need not address whether the court's application of *Dodge* and *Pinette* was correct.

[¶14]  The issue on appeal is the second clause of the intentional loss exclusion.  The Estate argues that the court should not have entered summary judgment for Metropolitan based on the second exclusion because the policy is ambiguous with respect to the definition of "intentional" in the phrase "intentional and criminal."  The Estate contends that *Dodge* controls the interpretation of the second exclusion, thus requiring Googins to have intended to cause the death of Benson for the exclusion to apply.  The court rejected these arguments, concluding that *Dodge* did not control the second exclusion because that exclusion does not use the language "expected or intended by you."  Instead, the court construed the second exclusion according to its unambiguous terms, requiring that an act be both intentional and criminal for the exclusion to apply.

[¶15]   Although we have not previously addressed the language of the second exclusion, persuasive authority has rejected the same arguments presented by the Estate here.   In *Metropolitan Property and Casualty Insurance Co. v. Morrison*, the Massachusetts Supreme Judicial Court considered whether the word "intentional" in the phrase "intentional and criminal" means the intent to commit the conduct that caused injury or whether, as the Estate contends here, it also requires the intent to cause the resulting harm.   951 N.E.2d 662, 664 (Mass. 2011). *Morrison* held that the second exclusion is unambiguous and applies "where the insured intended to commit the conduct that caused injury and where that conduct was criminal."   *Id.* at 671.   In rejecting the contention that "intentional" requires the intent to cause the ultimate harm, the Massachusetts court noted that the exclusion was distinct from previously construed exclusions because this exclusion is predicated on *both* an intentional *and* criminal act.   *Id.*

[¶16]   We similarly conclude that the second clause of the intentional loss exclusion is unambiguous and requires both an intentional and criminal act.   The exclusion applies where an insured commits a volitional act resulting in injury, and where that act is also criminal.   Although the Superior Court relied on the explanatory language "[t]his exclusion is applicable even if[] . . . such bodily injury or property damage is of a different kind or degree than reasonably expected or intended by you," we need not do so because the provision is unambiguous.

[¶17]  Our holding today is limited to the precise language "intentional and criminal acts or omissions" and does not affect our previous decisions construing the exclusions at issue in *Dodge*, *Pinette,* and the trespass cases referenced in *Pinette*, all of which involved policy language with no limiting principle, distinct from the case here.[4]  If, in those cases, we had held that an act is "intentional" if it is merely volitional, then all losses that resulted from an insured's conscious actions would not be covered.  Such an interpretation would have been sweeping and effectively negated coverage in nearly all cases.

[¶18]  Here, however, the Metropolitan policy uses "intentional" in the context of the phrase "intentional and criminal."  By using "intentional" in conjunction with "criminal," the word "intentional" has a broader meaning because it is coupled with the limiting principle of criminality.  This same rationale led the court in *Morrison* to conclude that "intentional" means a volitional act, without being overreaching.  *See Morrison*, 951 N.E.2d at 671 ("By limiting the exclusion to acts that are *both* intentional and criminal, the Metropolitan policy poses no risk that the exclusion may be interpreted so broadly as to effectively negate the

---

[4]  *See Royal Ins. Co. v. Pinette,* 2000 ME 155, ¶ 2 n.2, 756 A.2d 520 ("[B]odily injury or property damage . . . which is expected or intended by the insured.") (alterations in original); *Patrons-Oxford Mut. Ins. Co. v. Dodge*, 426 A.2d 888, 889 (Me. 1981) ("[B]odily injury or property damage which is either expected or intended from the standpoint of the Insured."); *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1353 (Me. 1996) ("The policy specifically excludes from coverage any damages resulting from an intentional act by the insured."); *Mass. Bay Ins. Co. v. Ferraiolo Constr. Co.*, 584 A.2d 608, 610 (Me. 1990) ("An 'occurrence' is defined as an accident . . . which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.") (alterations in original).

policy's liability coverage for accidents."). In this respect, the Metropolitan policy aligns with the earlier guidance referenced in *Morrison* that insurers need to draft exclusions predicated on narrower language, as opposed to the sweeping, standalone concept of intentionality. *Id.* at 671-72.

[¶19] Because we determine that the second exclusion is satisfied when the injury is caused by an act of an insured that is both intentional and criminal, the next question is whether the summary judgment record established both elements.

[¶20] There is no genuine issue of material fact that Googins's conduct was intentional. Googins admitted to civil liability for Benson's death by admitting to all of the allegations contained in the Estate's third amended complaint. The complaint stated, "Googins'[s] contact with Benson and the resulting death were caused by the negligence of Googins." Despite denying intentional conduct in the pleadings, Googins testified multiple times in his deposition that he intended to strike Benson in the face.

[¶21] Googins's deposition reveals a clear intent to strike Benson in the face, which caused Benson to fall over, hit his head, and die. Googins's testimony that he did not intend or expect to hurt Benson by punching him is irrelevant to the second exclusion because that exclusion operates based on whether the insured intended to commit the act, not whether he or she intended the ultimate harm.

Given that Googins unequivocally intended to strike Benson, the "intentional" aspect of the second exclusion is satisfied.

[¶22] Likewise, no genuine issue of material fact exists as to whether Googins's conduct was criminal. Googins pleaded guilty to aggravated assault and served over two years in prison as a result of punching and ultimately killing Benson. The Estate correctly notes that Googins's guilty plea to aggravated assault, standing alone, does not conclusively prove intent as a matter of law because assault can be committed recklessly. *See* 17-A M.R.S. §§ 207(1)(A), 208(1) (2014); *Dodge*, 426 A.2d at 891-92. This is of no occasion, though, because Googins's deposition testimony demonstrated an unequivocal intent to strike Benson in the face.

[¶23] Because no genuine issue of material fact exists as to the applicability of the second exclusion, the Superior Court correctly entered a summary judgment in favor of Metropolitan. No unresolved issues of material fact remain.

The entry is:

Judgment affirmed.

**On the briefs:**

Robert H. Furbish, Esq., and Alicia F. Curtis, Esq., Berman & Simmons, Lewiston, for appellant Estate of Eric E. Benson

Jeffrey T. Edwards, Esq., Preti, Flaherty, Beliveau & Pachios, LLP, Portland for appellee Metropolitan Property & Casualty Insurance Company

**At oral argument:**

Robert H. Furbish, Esq., for appellant Estate of Eric E. Benson

Jeffrey T. Edwards, Esq., for appellee Metropolitan Property & Casualty Insurance Company

Cumberland County Superior Court docket number CV-2013-102
FOR CLERK REFERENCE ONLY