Curran, Dennis J., J.
Even the most vigorous factual disputes cannot save a claim from summary judgment if those facts are not material to a final determination of the parties’ legal rights. Scholz v. Delp, 473 Mass. 242, 249 (2015). Such is the case here. In 2011, a stone retaining wall collapsed in the plaintiffs Marc Levine’s and Ute Groening’s backyard. The defendant Merrimack Mutual Fire Insurance Company was their homeowner’s insurance carrier. When the plaintiffs submitted a claim for coverage, Merrimack denied it, citing exclusions in the policy. The plaintiffs now assert this amounted to a breach of contract and violated both G.L.c. 93A and c. 176D.
The record reveals continued disagreement among the parties as to the cause of the wall’s collapse. Yet, even taking as true all of the facts alleged by the plaintiffs, their claim must fall. A plain reading of the insurance contract reveals that the damage was not covered, regardless of its cause. Therefore, the Court ALLOWS defendant Merrimack’s motion for summary judgment and DENIES the plaintiffs’ corresponding cross motion.
BACKGROUND
The plaintiffs own a two-family home at 32 Mason Terrace in Brookline, Massachusetts, which they have rented to tenants since 2010. Their back door neighbors—also defendants in this suit—own property that, because of the natural topography of the land, rests at a higher elevation than the plaintiffs’ backyard. A 10-foot stone retaining wall has sat on the property line between the two parcels for 100 years, abutting the rear, northerly edge of the plaintiffs’ property and the rear, southerly edge of defendants Shai Gozani and Michelle Rosen’s property.
In October 2009, defendant Aljasa Really LLC purchased that back lot (38 York Terrace) to renovate and sell it. The defendant Benjamin Abrams was the site engineer and designer on the project, and Ricky Cato acted as general contractor. In March 2010, in order to level the backyard, they installed a timber wall towards the rear property line and backfilled the space with soil. The plaintiffs claim the weight and pressure of the timber wall and additional soil overburdened the stone retaining wall, causing it to bow and crack.
*259 In April 2010, the plaintiffs submitted a claim for insurance coverage to the defendant Merrimack, which denied the claim. In May 2010, the plaintiffs demanded that Aljasa repair and replace the stone retaining wall, as well as remove the timber wall and added soil from the backyard of 38 York Terrace. Aljasa denied responsibility for the retaining wall’s compromised structure and refused to alter construction plans. Aljasa later sold the 38 York Terrace property to the defendants Gozani and Rosen. In March 2011, the retaining wall collapsed entirely. Its materials, as well as significant amounts of dirt from behind it, spilled onto the plaintiffs’ backyard and deck.
The plaintiffs initially filed this case in December 2010. They brought a second amended complaint in March 2011, which named Gozani, Rosen, Aljasa, Abrams, and Merrimack as defendants. Count V alleges that Merrimack breached the terms of the insurance contract by refusing to provide coverage; Count VII sets forth related claims for damages under G.L.c. 93A and c. 176; and Count VI request a declaratory judgment on the parties’ rights and obligations under the terms of the insurance contract. The plaintiffs and Merrimack have filed cross motions for summary judgment on Counts V through VII. The defendant Aljasa has joined the plaintiffs in opposing Merrimack’s motion. The Court held a hearing on the matter.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate in cases without issues of material fact and when the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). A fact is “material” only when it might affect the outcome of the suit under applicable law. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006).
In deciding motions for summary judgment, the court generally considers pleadings, deposition transcripts, answers to interrogatories, admissions on file, and affidavits. Mass.R.Civ.P. 56(c). The court reviews the evidence in the light most favorable to the non-moving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
II. Analysis
A. Breach of Contract (Count V)
The parties agree that the Merrimack homeowner’s insurance contract was valid and binding at all relevant times. While the record contains considerable dispute as to the actual cause of the retaining wall’s damage, the Court finds that issue not material to the ultimate determination as to whether the policy provides the plaintiffs the coverage they seek. Summary judgment as to the meaning of the contract is therefore appropriate at this juncture. See Event Monitor, Inc. v. Leness, 473 Mass. 540, 549 (2016); Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012) (‘The proper interpretation of an insurance policy is a matter of law to be decided by a court”).
Form DP 00 03 07 88 of the agreement discusses what broad categories were covered under the homeowners’ insurance policy. Subsection “Coverage B—Other Structures” indicates that the company provided coverage for “other structures” “set apart” from the plaintiffs’ home “by clear space.” This provision, without more, potentially obligated Merrimack to compensate them for damage to their backyard retaining wall.
However, as the plaintiffs outline in their brief, while an insured must show that a policy covers a particular claim, the insurer may prove the applicability of an exclusion that legitimately negates that coverage. Metropolitan Prop. & Cas. Ins. Co. v. Morrison, 460 Mass. 352, 363 (2011). Thatis the case here. Form DP 00 03 07 88 states that Merrimack “does not insure loss involving collapse, other than as provided [elsewhere].” It is then Form DP 01 20 10 99 that includes information specifically dealing with properly damage stemming from “Collapse.” Section 10.a(l) defines the term “Collapse” as “an abrupt falling down or caving in of a building or any part of a building ...” Sections 10.b(2)-(6) list the specific causes of collapse covered under the policy. The provision then explicitly states:
Loss to an awning, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under Items [ 10 .b] (2), (3), (4), (5), and (6) unless the loss is a direct result of the collapse of a building or any part of a building.
The Court must take the two Forms as constituting a coherent whole. General Convention of the New Jerusalem in the United States of Am. v. Mackenzie, 449 Mass. 832, 835 (2007) (‘The words of a contract must be considered in the context of the entire contract rather than in isolation”). In doing so, it is apparent that the agreement was not intended to cover the plaintiffs’ claim. The contract explicitly states that damage related to collapses is not covered unless provided in Form DP 01 20 10 99. Form DP 01 20 10 99 then makes clear that “loss to .. . retaining wall[s]” is not covered under the policy unless “a direct result of’ a building’s collapse. Nothing in the record suggests the retaining wall damage was caused by “collapse of a building or any part of a building. ” Therefore, as a matter of law, the relief the plaintiffs seek is not available under the terms of the agreement. Declaratory judgment shall enter to that effect.
B. Statutory Violations (Count VII)
Merrimack’s homeowner insurance policy did not provide coverage for the plaintiffs’ asserted properly damage. Thus, the defendant’s denial of coverage was neither a breach of contract nor unlawful under G.L.c. 93A or G.L.c. 176D. Massachusetts Employers Ins. *260 Exch. v. Propac-Mass, Inc., 420 Mass. 39, 43 (1995). The record does not reflect any additional conduct on Merrimack’s part that rose to the level of “unfair or deceptive acts or practices” as required by c. 93A and c. 176D. Thus, summary judgment will enter in favor of defendant Merrimack on Count VII. See New England Insulation Co. v. Liberty Mut. Ins. Co., 2009 Mass.App. LEXIS 160, *10-12 (2009) (Rule 1:28 decision) (affirming summary judgment for insurer where no breach of contract as a matter of law and no allegations in record supported c. 93A or c. 176D violations).
ORDER
For these reasons, the Court ALLOWS the defendant Merrimack Mutual Fire Insurance Company’s motion for summary judgment and DENIES the plaintiffs’ cross motion for summary judgment. Judgment shall enter in favor of defendant Merrimack on Counts V, VI, and VII of the plaintiffs’ second amended complaint.