Plaintiff's arguments in opposition are unpersuasive. For example, plaintiff contends that the deemed-made clause does not apply in this case because "a formal order of investigation from the SEC does not identify anyone (including the recipient) as someone against whom a civil, criminal, administrative, or regulatory proceeding may be brought." Docket # 44 at 13. This argument downplays both the plainly expansive language of the deemed-made clause as well as the serious allegations in the SEC's Order. The clause is satisfied by an order that presages the likelihood of proceedings. See Docket # 37-3 at 4-5 (deemed-made clause triggered when insured named in order as someone against whom proceedings "may be brought") (emphasis added). The SEC's September 23, 2012 Formal Order meets that low bar because it initiated a private investigation based on information tending to show that F-Squared had violated numerous federal laws. A reasonable fact finder would be forced to conclude that the Order signified that a "civil, criminal, administrative, or regulatory proceeding"
*216 might be brought against F-Squared. See id. The plain language of the policy does not require more than that.
Plaintiff's argument that the SEC Formal Order is not an "order of investigation" under the deemed-made clause is similarly unavailing. See Docket # 44 at 13-14. There is no persuasive reason why the SEC's "Order Directing Private Investigation" is not an "order of investigation, subpoena, Wells Notice or target letter." Docket # 37-3 at 5 (emphasis added). Plaintiff's argument that the clause's references to target letters and Wells Notice means that the term "order of investigation" refers only to certain "types of formal investigations," Docket # 44 at 15, impermissibly contorts the unambiguous language of the contract.
Finally, plaintiff asserts that his interpretation of the policy is at least rational and that, therefore, the court must deny summary judgment. This argument necessarily assumes that the policy is ambiguous on the relevant points, but it is not. See Metropolitan Prop. & Cas. Ins. Co. v. Morrison, 460 Mass. 352, 951 N.E.2d 662, 667 (2011) ("When confronting ambiguous language, we construe the policy in favor of the insured and against the drafter ....") (emphasis added); see also Brazas, 220 F.3d at 5 ("[I]t does not follow that ambiguity exists solely because the parties disagree as to the provision's meaning."). "Absent ambiguity, [the court] give[s] policy language its plain and ordinary meaning." GRE Ins. Grp. v. Metro. Boston Hous. P'ship, Inc., 61 F.3d 79, 81 (1st Cir. 1995). Here, the plain language of the contract makes clear that the SEC's September 23, 2012 Formal Order triggered the deemed-made clause, thus rendering the SEC's investigation of F-Squared outside the coverage period of the Zurich and XL policies. See Hyfer v. Metropolitan Life Ins. Co., 318 Mass. 175, 61 N.E.2d 3, 5 (1945) ("A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms.").
IV. Conclusion
For the foregoing reasons, defendants' motions for summary judgment (Docket ## 36, 40) are allowed.
There remain pending defendants' counterclaims for declaratory judgment. These appear to be mooted by the allowance of summary judgment as to plaintiff's claim. Counsel shall resolve the counterclaims and submit a proposed judgment for the entire case.