2009 ME 54

**Lori A. YOUNG**

v.

**Donald E. YOUNG.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2009.

Decided: May 28, 2009.

---

Robert J. Levine, Esq., Strout & Payson, P.A., Rockland, ME, for Donald E. Young.

Philip S. Cohen, Esq., Cohen & Cohen, Waldoboro, ME, for Lori A. Young.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

LEVY, J.

[¶ 1] Donald E. Young appeals from a divorce judgment entered in the District Court (Rockland, *Tucker, J.*) contending that the court erred in calculating the child support obligations of the parties pursuant to 19–A M.R.S. § 2006(5)(E) (2008) by (1) failing to give him a credit for the dependent child benefits received by Lori A. Young, and (2) failing to include the value of Lori's health insurance in calculating her gross income. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Donald and Lori were married in May 1993. They have two children, a son, age 16, and a daughter, age 13. Donald and Lori separated in July 2007, and later that month Lori filed for divorce asserting irreconcilable differences. In April 2008, the court issued an order, by agreement of the parties, on parental rights and responsibilities, granting primary residence of the daughter to Lori, and primary residence of the son to Donald. A final divorce hearing on the remaining disputed issues was held in August 2008.

[¶ 3] Lori is 43 years old and has been employed as a bank teller for approximately nineteen years. She earns approximately $28,000 per year. Lori does not pay for her own health insurance, which is valued at $573.47 per month, although she pays $85.78 biweekly to secure health insurance for the children.

[¶ 4] Donald is 57 years old and was employed as a machinist until sustaining a work-related injury in 2004. Prior to his injury, Donald earned approximately $42,000 per year. Donald currently receives $1487 per month, or $17,844 per year, in social security disability benefits, after a $97 per month deduction for medical insurance. Donald also receives $395 per month in social security benefits for the son, and Lori receives the same for the daughter.

[¶ 5] The court granted Donald and Lori a divorce in September 2008. The divorce judgment incorporated the order granting primary residence of the daughter to Lori, and primary residence of the son to Donald. Because Donald and Lori were each primary residential care providers for at least one child, the court determined the theoretical child support obligations of the parties by applying 19–A M.R.S. § 2006(5)(E).[1] Pursuant to section 2006(5)(E), the court found that Lori had a

---

1. Title 19–A M.R.S. § 2006(5)(E) (2008) provides:

When each party is the primary residential care provider for at least one of the children involved, a child support obligation must first be computed separately for each party for each child residing primarily with the other party, based on a calculation pursuant to the support guidelines, and using as input in each calculation the number of children in each household, rather than the total number of children.

The amounts determined in this manner represent the theoretical support obligation due each party for support of each child for whom the party has primary residential responsibility. Each party's proportionate share of child care costs and health insurance premiums is added to the amounts calculated, and the party owing the greater amount of child support shall pay the difference between the 2 amounts as a parental support obligation.

theoretical child support obligation of $93 per week, and Donald had a theoretical obligation of $73 per week. Because Lori's theoretical support obligation was $20 greater than Donald's, the court found that Lori was the obligor parent and ordered her to pay $20 per week to Donald as a child support obligation.

[¶ 6] In calculating Donald's theoretical support obligation, the court did not apply 19–A M.R.S. § 2107 (2008),[2] which provides a credit to a disabled obligor parent "for the dependent benefits paid to the child" as a "result of the obligor parent's disability." The court reasoned that Donald did not qualify for a credit under section 2107 because he was not the "obligor parent." Had the court applied the credit in calculating Donald's theoretical support obligation, Donald's theoretical support obligation of $73 per week would have been reduced to zero, and Lori would have been required to pay $93 per week, rather than $20 per week, as a child support obligation.

[¶ 7] In addition, the court did not include the value of Lori's employer-provided health insurance in calculating her gross income, concluding that it would be unjust to do so and that a deviation was warranted in accordance with 19–A M.R.S. § 2007(3)(C) (2008). The court reasoned that because Donald receives government-subsidized healthcare, it would be inequitable to increase Lori's gross income for the health insurance she received, but not increase Donald's gross income for receiving a similar benefit. This appeal followed.

## II. DISCUSSION

[¶ 8] We review an award of child support for an abuse of discretion, and we review the trial court's factual findings in calculating child support for clear error. *Foley v. Ziegler,* 2007 ME 127, ¶ 8, 931 A.2d 498, 500. A trial court may deviate from the child support guidelines pursuant to 19–A M.R.S. § 2007 (2008), and we review such deviations for an abuse of discretion. *Dep't of Human Servs. v. Monty,* 2000 ME 96, ¶ 10, 750 A.2d 1276, 1278–79. "We review the application and interpretation of a statute de novo." *Cole v. Cushman,* 2008 ME 72, ¶ 8, 946 A.2d 430, 433.

[¶ 9] Here, Donald argues that the court erred in calculating the respective child support obligations of the parties pursuant to section 2006(5)(E).[3] He con-

---

2. Title 19–A M.R.S. § 2107 (2008) provides:
   If a child receives dependent benefits as a result of the obligor parent's disability, any tribunal establishing, reviewing or modifying the child support obligation or debt shall give the obligor parent credit for the dependent benefits paid to the child.
   1. **Calculation of child support obligation; order.** The tribunal shall calculate the obligor's child support obligation and issue a child support order pursuant to the child support guidelines in chapter 63. The obligation may not be reduced by the dependent benefits paid to the child.
   2. **Findings; credit for benefits paid.** The tribunal shall make the following findings:
   A. That the child currently receives dependent benefits as a result of the obligor parent's disability;
   B. That the receipt of these benefits satisfied part or all of the obligation; and
   C. That the obligor must receive credit against the established obligation for the benefits received. Credit may not exceed the amount of the current obligation for the period for which the benefits are paid. Credit may not be given toward a past or future obligation for dependent benefits that exceed the current obligation.

3. Donald also argues that the court abused its discretion in dividing the marital property and by prohibiting the parties' son from testifying in rebuttal on behalf of Donald. However, we find these arguments to be without merit and we do not address them further.

tends that the court erred by failing to give him a credit, pursuant to section 2107, for the dependent benefits received by Lori on behalf of the daughter. He also asserts that the court erred in calculating Lori's gross income by failing to include the value of her employer-provided health insurance.

[¶ 10] In light of Donald's arguments, we address the following questions: (A) whether a parent's theoretical support obligation pursuant to section 2006(5)(E) should be reduced because of a credit pursuant to section 2107 for dependent benefits paid to a child as a result of the parent's disability; and (B) whether it is within a court's discretion to exclude the value of a parent's employer-provided health insurance benefit in calculating that parent's gross income pursuant to section 2006(5)(E), when the other parent receives a government-subsidized healthcare benefit that is not included in that parent's gross income. We answer the first question "no," and the second question "yes."

## A. The Credit for Dependent Benefits Pursuant to 19–A M.R.S. § 2107

[¶ 11] Donald asserts that he is an "obligor," which is defined by 19–A M.R.S. § 101(7) (2008) as a "person owing a duty of support." He contends that because he is an "obligor," his theoretical support obligation under section 2006(5)(E) should have been reduced, pursuant to section 2107, by the dependent child benefits paid as a result of his disability. In rejecting Donald's argument, the court reasoned as follows:

The Court is not including in either party's income the Social Security benefits the children receive who are in each party's care. Authority to do so is not found in 19–A M.R.S.A. § 2001(5)(A) as [Donald] suggests. These benefits are for the children, not the parent. Addi-

tionally, these benefits more closely correlate with the type of payment described in 19–A M.R.S.A. § 2001(5)(A) which the statute specifically states are not to be included in gross income, i.e. "subsidies" received by either party for children other than the child for whom support is being determined.

Furthermore, the Court does not agree with [Donald's] position that he receive a credit towards his child support obligation under 19–A M.R.S.A. § 2107, as he is not the "obligor parent." In determining child support when one child lives with each party, the Court must first apply 19–A M.R.S.A. § 2006[(5)](E) to determine who the "obligor parent" is. Upon applying this section of the statute to this case, it is the Plaintiff, Lori Young, who is the obligor parent, as she is the parent who will be paying support to the other party. Therefore, [Donald] is not the "obligor" and would not receive a credit under § 2107. Furthermore, it would again be unjust to give [Donald] a credit for the Social Security benefit being sent to [Lori] for the care of the child in her home ... but not give [her] a credit when [Donald] is receiving the exact same benefit for the care of the child in his home....

[¶ 12] We agree with this analysis. As the court noted, where each parent provides the primary residential care for a child, the status of a parent as an "obligor" for child support purposes cannot be determined until a child support obligation is calculated pursuant to section 2006(5)(E). Pursuant to section 2006(5)(E), a court must first determine the "theoretical support obligation" for each parent. 19–A M.R.S. § 2006(5)(E). The two theoretical support obligations must then be compared, and the parent having the greater theoretical support obligation "shall pay

the difference between the 2 amounts as a parental support obligation." *Id.* Thus, it is the parent with the greater theoretical support obligation who becomes an "obligor" as defined by 19–A M.R.S. § 101(7). In this case, Lori was the parent with the greater theoretical support obligation. The court correctly concluded that it was Lori, not Donald, who incurred the parental support obligation as an "obligor."

[¶ 13] The application of section 2107 is predicated on a parent's status as an "obligor." Section 2107 provides that an "obligor parent" may receive a credit for dependent benefits only after a court first determines "the obligor's child support obligation and issue[s] a child support order." 19–A M.R.S. § 2107(1). Only then may a court grant a credit, by specifically finding that a child's receipt of dependent benefits "satisfie[s] part or all of the obligation," and that "the obligor must receive credit against the established obligation." 19–A M.R.S. § 2107(2)(B), (C). Here, Donald does not have an established child support obligation; instead, he receives child support from Lori. Because Donald has no child support obligation, there is no justification for a credit pursuant to section 2107.

[¶ 14] In addition, even if Donald qualified as an "obligor," which he does not, section 2107(1) explicitly provides that an obligor's child support "obligation *may not be reduced* by the dependent benefits paid to the child." 19–A M.R.S. § 2107(1) (emphasis added). In other words, the dependent benefits are credited toward the satisfaction of an obligor's child support obligation, but do not reduce the amount of the obligation.

B. The Exclusion of the Healthcare Benefit from Gross Income

[¶ 15] Donald contends that gross income for child support purposes includes payments that reduce personal living expenses. He contends that the court erred by failing to include the value of Lori's employer-provided health insurance benefit in calculating her gross income pursuant to section 2006(5)(E).

[¶ 16] The testimony established that the value of Lori's health insurance benefit from her employer is $573.47 per month. The testimony also established that Donald receives subsidized health care through social security, but there was no evidence of its value other than Donald's testimony that his monthly social security disability benefits included a $97 per month deduction for medical insurance. Consequently, although the court could have added the value of Lori's health insurance to her gross income, the court did not have a corresponding value for Donald to add to his gross income.

[¶ 17] The court specifically found that it "would be unjust" to include Lori's health benefit in her gross income pursuant to 19–A M.R.S. § 2007(3)(C), because "it would be unfair to increase [Lori's] income for this benefit when [Donald] is receiving the same benefit." Section 2007(3)(C) provides that a court may deviate from the child support guidelines based on "[t]he interrelation of the total support obligation established under the support guidelines for child support, the division of property and an award of spousal support made in the same proceeding for which a parental support obligation is being determined." 19–A M.R.S. § 2007(3)(C). Given that both Lori and Donald receive a healthcare benefit, the court's decision to exclude the value of Lori's benefit from her gross income was an appropriate deviation and within the bounds of judicial discretion authorized by section 2007(3).

The entry is:

Judgment affirmed.