**2009 ME 97**

**GUARDIANSHIP OF ANTHONY J.**

Supreme Judicial Court of Maine.

Submitted On Briefs: July 8, 2009.

Decided: Sept. 3, 2009.

Janet T. Mills, Attorney General, Carlos Diaz, Asst. Atty. Gen., Portland, ME, for the Maine Department of Health and Human Services.

Dan Umphrey, Student Attorney, Christopher Northrop, Supervising Attorney, Cumberland Legal Aid Clinic, Portland, ME, for amicus curiae Cumberland Legal Aid Clinic.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] The Department of Health and Human Services appeals from a judgment of the York County Probate Court *(Nadeau, J.)* denying the Department's motion for relief from a child support order. The order requires the mother to pay child support to the child's paternal grandparents, who are the child's co-guardians. We vacate the Probate Court judgment because the child support order is void.

[¶ 2] The Probate Court child support order was entered in conjunction with its order appointing the child's paternal grandparents as his co-guardians. Prior to either of the Probate Court's orders, the District Court, in a child protection action, had terminated the mother's parental rights, with her consent, and dismissed the child protection proceeding. The Probate Court's child support order requires the mother to pay ongoing child support to the co-guardians; maintain health insurance for the child; cover a portion of the child's uninsured medical and dental bills; and make payments toward arrearages from the District Court's child support order.

[¶ 3] The Department brought the motion for relief from the Probate Court child support order about two years after that order was entered. The Department asserts that its motion was prompted by the co-guardians' request that the Department enforce the Probate Court's child support order. The Probate Court denied the Department's motion for relief in part based on its belief that the District Court's termination of parental rights did not survive the District Court's subsequent dismissal of the child protection proceeding, and that

therefore the mother has a continuing duty to pay child support.

[¶ 4] The termination of the mother's parental rights formed one of several bases for the Department's motion, filed in District Court, in which it requested a finding that the circumstances of jeopardy had been ameliorated and requested dismissal of the child protection proceeding. The District Court's order dismissing the child protection proceeding contains a general finding that the circumstances of jeopardy were ameliorated, but it does not refer specifically to the prior order of parental rights termination.

[¶ 5] There is no time limit on a motion for relief from a judgment that is void. M.R. Civ. P. 60(b)(4). Rule 60(b) of the Maine Rules of Civil Procedure governs procedure in all formal probate proceedings. M.R. Prob. P. 60(b). The Department's motion for relief from judgment relates to whether the Probate Court child support order is void; the motion was therefore properly before the Probate Court.

[¶ 6] The effect of an order terminating parental rights is provided by statute. 22 M.R.S. § 4056(1) (2008). Our review is de novo because it involves statutory interpretation. *See Young v. Young,* 2009 ME 54, ¶ 8, 973 A.2d 765, 767. Section 4056(1) states:

> An order terminating parental rights divests the parent and child of all legal rights, powers, privileges, immunities, duties and obligations to each other as parent and child, except the inheritance rights between the child and his parent.

We have held that "[t]he plain language of [section 4056(1) ] mandates that a termination order sever the relationship between parent and child." *In re Melanie S.,* 1998 ME 132, ¶ 6, 712 A.2d 1036, 1037. A person whose parental rights have been

terminated is no longer a legal parent to the child and has no duty to provide ongoing support for the child. The only exception is set forth in 22 M.R.S. § 4056(5) (2008), which permits the court to order a parent who was convicted of a crime against the child prior to the termination of parental rights to pay a lump sum as child support; section 4056(5) does not apply to this case. Section 4056(1) relieved the mother of her obligation to pay ongoing child support after her parental rights were terminated.

 [¶ 7] The District Court's order to terminate the mother's parental rights was not nullified by its subsequent order dismissing the child protection action. The District Court's order of dismissal referred to the pendency of further actions regarding the Department's relationship to the child. The court concluded that the circumstances of jeopardy had been ameliorated and that the child protection proceeding could be closed. There was no need for the District Court to make any specific determination, in the order dismissing the child protection proceeding, that its prior order of termination of parental rights remains in effect. Its action dismissing the proceeding closed the case but did not have an impact on the prior order terminating the mother's parental rights.

The entry is:

Judgment vacated. Remanded for the Probate Court to grant the Department's motion for relief.