MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2018 ME 89
Docket:      Cum-17-189
Argued:      November 16, 2017
Decided:     July 3, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Majority:    SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.
Dissent:     JABAR, J.

DEPARTMENT OF HEALTH AND HUMAN SERVICES

v.

JAMES F. FAGONE et al.

SAUFLEY, C.J.

[¶1]   James F. Fagone appeals from a judgment of the Superior Court (Cumberland County, *Warren, J.*) vacating the decision of a Department of Health and Human Services hearing officer.  The hearing officer had concluded that a child support order entered in James's 2008 divorce from Kristin L. Fagone authorized the Department's Division of Support Enforcement and Recovery to adjust the amount of child support owed, without a modification of the court order, upon the oldest of the parties' three children reaching age eighteen.  We affirm the court's judgment.

## I. BACKGROUND

[¶2] The undisputed historical facts are drawn from the hearing officer's findings, which are supported by substantial evidence in the administrative record. *See MacDougall v. Dep't of Human Servs.*, 2001 ME 64, ¶ 6, 769 A.2d 829. James and Kristin Fagone were married in 1990, had three children, and were divorced by a judgment signed by the District Court (Bridgton, *Oram, J.*) on May 22, 2008. The judgment required James to pay child support of $247.19 per week for the parties' three children, who were born in 1994, 1998, and 2001, and whose ages were thirteen, nine, and six when the judgment was entered. The court reached the $247.19-per-week amount based on a child support worksheet providing the following basic weekly support obligation:

> Basic weekly support for all children up to 18 years (or up to 19 years if still in high school) . . . .
>
> a.  Total number of children <u>3</u>
> b.  Number of children ages 0-11 <u>2</u> multiplied by amount from table <u>113</u> = $<u>226</u>
> c.  Number of children ages 12-17 <u>1</u> multiplied by amount from table <u>140</u> = $<u>140</u>

The court calculated the total basic weekly support as $366; added the $99.81 that James paid for the children's health insurance; apportioned the resulting total weekly support obligation of $465.81 between the spouses, with 74.51

percent attributed to James; and subtracted the $99.81 health insurance cost from James's resulting $347 obligation to reach $247.19.

[¶3]  The child support order further provided that the child support obligation would "continue for each child until that child reaches the age of 18; provided, however, that if the child has not graduated, withdrawn, or been expelled from secondary school as defined in Title 20-A, the child support shall continue until the child graduates or reaches the age of 19, whichever occurs first."  The order states, "Any party to this action may ask the court to review the amount of child support and if appropriate, to modify it in accordance with the state's child support guidelines.  To start this process, a party must file with the court a Motion to Modify."

[¶4]  James made all payments in the amount of $247.19 per week until the oldest child reached age eighteen in 2012.  After that date, James reduced payments by one-third without either party filing a motion to modify in the District Court so that the court could determine the amount that James owed for the two younger children.

[¶5] Nearly four years later, in April 2016, Kristin sought the assistance of the Department of Health and Human Services Division of Support Enforcement and Recovery to obtain amounts she claimed were owed.  *See*

4

19-A M.R.S. § 2103(2) (2017). The Division calculated a $17,938.45 arrearage based on James's reduction of support without obtaining any modification in court following their oldest child's eighteenth birthday. On July 7, 2016, the Division sent James a notice of a $17,938.45 debt and informed him of the right to request an administrative hearing within thirty days after receiving the notice. *See* 19-A M.R.S. §§ 2352, 2451 (2017).

[¶6] James timely requested a hearing and submitted his completed "affirmation" form alleging that Kristin had agreed to the reduction in child support to $164.50 per week when the oldest child reached age eighteen.[1] A hearing officer held a hearing on the matter on September 21, 2016. There was no dispute about when and by what amount the payments had been reduced; the only question was whether the change in child support was self-effectuating or instead required modification of the court order.

[¶7] The hearing officer reached a decision in September 2016 concluding that the child support order, unlike the order at issue in *Bartlett v. Anderson*, 2005 ME 10, ¶ 13, 866 A.2d 829, specifically connected an amount of

---

[1] James also offered testimony at the administrative hearing that he and Kristin had agreed to the reduction in child support. The hearing officer did not reach any findings about any agreement between the parents because it did not consider any such agreement material in determining whether the Division's actions were consistent with enforcing the existing judgment. *See Berry v. Bd. of Trs., Me. State Ret. Sys.*, 663 A.2d 14, 19 (Me. 1995) (holding that administrative agencies may not apply equitable doctrines absent statutory authorization).

basic weekly support with the oldest child ($140), such that when the child was removed from the total basic weekly support obligation and health insurance was accounted for, James was responsible for only $142.95 per week. The hearing officer did not recalculate the amount owed after each of the younger children reached age twelve or adjust the amount owed per child when support was to be paid for two children instead of three.

[¶8]  On October 26, 2016, the Division filed a petition for judicial review of the hearing officer's decision in the Superior Court. *See* 19-A M.R.S. § 2453 (2017); M.R. Civ. P. 80C.  Although the court entered an order welcoming briefs from all interested parties, only the Department filed a brief.

[¶9]  The court (*Warren, J.*) considered the matter on the papers and entered a judgment for the Department on April 14, 2017.  The court reasoned that because the child support order entered upon the Fagones' divorce did not specify the adjustments in support for each of the younger children upon reaching the age of twelve, the order was not self-adjusting.  Thus, the court held, James "was not entitled to reduce child support when his oldest child turned 18 without seeking a modification of his child support obligations from the court."

6

[¶10] James timely appealed from the judgment. *See* 5 M.R.S. § 11008 (2017); M.R. Civ. P. 80C(m); M.R. App. P. 2 (Tower 2016).[2]

## II. DISCUSSION

[¶11] We today issued *Higgins v. Wood*, 2018 ME 88, --- A.3d ---, in which we addressed the legal issue that controls the outcome in this matter. Specifically, we held that "a motion to modify child support is required if a parent seeks an adjustment that is not explicitly quantified in the existing judgment." *Id.* ¶ 38. For a reduction to be self-effectuating upon any event, including a child reaching age eighteen, the judgment must specify the amount of support owed for the other children after that event. *See id.* ¶¶ 39-42. Without such specificity, judicial decision-making is necessary because the judgment cannot be enforced on its existing terms. *Id.* ¶ 42.

[¶12] Here, the child support order in the parties' divorce judgment did not specify the amount owed for support of the two younger children upon the termination of James's obligation for the oldest child. The judgment also did not specify any changes in the amount of child support upon the younger children each reaching the age of twelve, including with respect to any change

---

[2] We cite to the rules in effect when James filed his notice of appeal. *See* M.R. App. P. 1 (providing that the restyled Maine Rules of Appellate Procedure apply to appeals filed on or after September 1, 2017).

in the cost of health insurance for the remaining children. The Superior Court correctly concluded that the Department could not enforce the judgment for any amount other than the $247.19 obligation stated in the divorce judgment's child support order unless and until an amended judgment was entered on a motion to modify the amount of child support. *See id.* ¶ 39.[3]

[¶13] Accordingly, the Superior Court correctly concluded that the order required the payment of support in the amount specified unless and until ordered otherwise, and that the hearing officer erred in calculating a reduced amount based on the terms of the existing child support order.

---

[3] No issue of equitable estoppel was raised in the Superior Court or briefed to us on appeal, and therefore the issue is not before us. *See* M.R. Civ. P. 80C(i); *Teele v. West-Harper*, 2017 ME 196, ¶ 11 n.4, 170 A.3d 803; *Metro. Prop. & Cas. Ins. Co. v. Estate of Benson*, 2015 ME 155, ¶ 4 n.2, 128 A.3d 1065; *see also Dep't of Health & Human Servs. v. Pelletier*, 2009 ME 11, ¶ 17, 964 A.2d 630. Nor would an argument in equity be persuasive. Even if James had moved to modify immediately after the oldest child's eighteenth birthday in 2012, the guidelines increase the amount owed per child when fewer children are subject to a support order. *See* Child Support Guidelines and Calculation Tables (effective Dec. 1, 2008), *available at* 19-A M.R.S.A. § 2011 (2012). Thus, the difference in support, assuming that the health insurance cost was unchanged, would have been relatively modest, with James paying $214.48 instead of $247.19 per week based on the guidelines then in effect. *See id.* Furthermore, when the youngest child turned twelve in 2013, James's obligation for the two youngest children would have increased to $239.81 per week, only dollars less than the originally ordered $247.19 per week in child support. *See id.* Adjustments to the child support calculation tables in 2014 would have resulted in James owing more than the ordered $247.19 obligation. *See* Child Support Guidelines and Calculation Tables (effective Feb. 8, 2014), *available at* 19 M.R.S.A. § 2011 (Supp. 2014). After the middle child reached age eighteen, James filed a motion to modify, and the court (*Cadwallader, M.*) ordered James to pay $171.93 per week in support for the youngest child. *See Fagone v. Fagone*, No. FM-07-215 (Me. Dist. Ct., Bridgton, Nov. 17, 2016). Thus, although James might have realized some reduction in the amount of support if he had filed a motion to modify when the oldest child reached age eighteen, the discrepancy in amounts is not vast.

The entry is:

Judgment affirmed.

_____

JABAR, J., dissenting.

[¶14]  In addition to this case, the Court today issued an opinion in *Higgins v. Wood*, 2018 ME 88, --- A.3d ---, which addressed a similar legal issue to the issue presented here.  As I expressed in my dissenting opinion in *Higgins*, I believe that the plain language of 19-A M.R.S. § 1653(12)(A) (2017) and the plain language of the court order in this case should control the outcome.  *See* 2018 ME 88, ¶¶ 57-67, --- A.3d ---.  Moreover, this case can be distinguished from our holding in *Bartlett v. Anderson*, 2005 ME 10, 866 A.2d 829, because, unlike the presumably undifferentiated child support order in *Bartlett*, the child support order in this case is differentiated.  For these reasons, and because I believe that the Court does not apply the proper standard of review in this case, I respectfully dissent.

A.    Standard of Review

[¶15]  In this 80C appeal, where the Department of Health and Human Services Division of Support Enforcement and Recovery petitioned the Superior Court for review of its own hearing officer's decision, *see* 19-A M.R.S.

§ 2453 (2017); M.R. Civ. P. 80C, our review is necessarily constrained: with respect to "our constitutional separation of powers and statutes governing administrative appeals, our review of state agency decision-making is deferential and limited." *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128 (citation omitted). One of the most important mandates relating to our review of agency decisions requires that we "affirm findings of fact if they are supported by substantial evidence in the record, even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency." *Id.* ¶ 13 (footnote omitted). Although the Court does not set forth a standard of review in its analysis, it is with this concept in mind that I turn to a brief discussion of the administrative decision.

B.     The Hearing Officer's Factual Findings

[¶16]  After a hearing held in September 2016, a hearing officer for the Division issued a decision, finding, after considering the applicable law as set forth in *Bartlett*, 2005 ME 10, ¶¶ 13-14, 17, 866 A.2d 829, that the child support order at issue delineated the amounts owed for the children based on their ages. Specifically, the hearing officer found that

> The applicable child support order in this case reads in pertinent part as follows: "The child support obligation shall continue for each child until that child reaches the age of 18 . . . ." The order addresses weekly child support for a total of three

> children, one of whom . . . turned 18 years of age on August 2, 2012. The attached child support worksheets indicate that the Non-Custodial Parent was ordered to pay 74.51% of the total weekly support obligation of $465.81, of which amount $140.00 represented the basic support entitlement for [the eighteen-year-old], less a health insurance adjustment of $99.81. . . .
>
> Per the terms of the applicable order, the Non-Custodial Parent's weekly child support obligation for [the eighteen-year-old] terminated as of August 2, 2012. Consequently, . . . his weekly support obligation in this case automatically reduced from $247.19 to $142.95 (i.e., 74.51% of the remaining total weekly support obligation of $325.81, or $242.76, less $99.81) at that time.

Orders—like the order in this case—distinguishing between the amount owed for different children based on the ages of the children are "differentiated" orders. The use of the word "differentiate" in this context comports with the plain dictionary meaning of that word: "To make different by alteration or modification." *Differentiate*, The American Heritage Dictionary of the English Language (5th ed. 2016). Differentiated orders are distinguished from undifferentiated orders, which set forth a single payment obligation without allocating specific amounts for each child. *See Bartlett*, 2005 ME 10, ¶¶ 13-14, 17, 866 A.2d 829.

[¶17] Based on our limited and deferential review of factual findings contained in agency decisions, *see Friends of Lincoln Lakes*, 2010 ME 18, ¶ 12, 989 A.2d 1128, the hearing officer's factual findings, which are supported by

substantial record evidence, should be affirmed. Because the hearing officer found that the child support order differentiated the amount owed based on the children's ages, any comparison to *Bartlett v. Anderson*, which analyzed the consequences of undifferentiated child support orders, is unhelpful in our analysis and inapplicable to this case. *See generally* 2005 ME 10, 866 A.2d 829.

C. Conclusion

[¶18] I would conclude that the plain language of 19-A M.R.S. § 1653(12)(A) and the plain language of the court order control here, and, alternatively, that we should defer to the agency's supported factual findings. As a result, I would hold that when the oldest child turned eighteen, the child support obligation as to him should have terminated without the need for the obligor to return to court.

---

Andrea S. Manthorne, Esq. (orally), and Clifford H. Ruprecht, Esq., Roach, Hewitt, Ruprecht, Sanchez & Bischoff, Portland, for appellant James F. Fagone

Janet T. Mills, Attorney General, and Jennifer Googins Huston, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Cumberland County Superior Court docket number AP-2016-46
FOR CLERK REFERENCE ONLY